FITZPATRICK, Judge.
John W. Lyles, Jr. (appellant) appeals his bench trial convictions of reckless driving and disregarding a police signal to stop in violation of Code §§ 46.2-852 and 46.2-817 respectively. The sole issue raised is whether the trial court erred in continuing the hearing after jeopardy attached so that appellant could retain an attorney. Finding no error, we affirm.
Under well established principles, we state the facts in the light most favorable to the prevailing party below, in this case the Commonwealth.[1] See Martin v. Commonwealth, 4 Va.App. 438, 443, 358 S.E.2d 415, 418 (1987). On October 31, 1993, Trooper Ingham of the Virginia State Police was patrolling Interstate 495 and saw appellant’s vehicle in the middle lane moving at what appeared to be a high rate of speed. He initially paced appellant’s car at eighty-five miles-per-hour and activated his emergency equipment. Appellant did not respond and increased his speed to approximately 103 miles-per-hour. Appellant exited onto Gallows Road and stopped for a traffic light. Trooper Ingham pulled in front of appellant’s car. When asked why he failed to stop, appellant “responded *189 that he was in a hurry to relieve the doctor covering for him at the hospital.”
On the original trial date, June 16, 1994, appellant waived counsel, was arraigned on the charges, and entered pleas of not guilty. The Commonwealth called its first witness, Trooper Ingham, and he identified himself and began his testimony. The trial judge interrupted and asked the Commonwealth’s attorney whether under the circumstances described by the trooper the Commonwealth was willing to waive any possible jail sentence. The Commonwealth’s attorney responded that he would not, and the trial judge then advised the parties that he would continue the matter until July 7, 1994, to give appellant an opportunity to retain counsel. The case was later continued from July 7 to July 28 at appellant’s request.
On the morning of the resumption of trial, the case was initially assigned to another judge but was transferred to the original trial judge. The same judge heard the proceedings on June 16, 1994, and the resumed trial on July 28, 1994. Appellant’s motion to dismiss based on double jeopardy was denied. When the trial resumed, the trial court did not arraign appellant a second time, and appellant did not enter pleas to the charges. The Commonwealth recalled Trooper Ingham as its first witness, and he continued his testimony. Appellant was found guilty on both charges.
Appellant argues that the trial court’s continuance of the trial was in effect a termination or “complete discontinuance” of the earlier proceedings without the consent of the accused and thus barred any later trial. In his motion to dismiss, he relied on Webb v. Hutto, 564 F.Supp. 405 (W.D.Va.1982), a case reversed on appeal. See 720 F.2d 375 (4th Cir.1983), cert. denied, 465 U.S. 1080, 104 S.Ct. 1444, 79 L.Ed.2d 764 (1984).
“Whether to grant or deny a continuance of a trial is a matter that lies within the sound discretion of a trial court, and its ruling will not be reversed on appeal unless it is plainly wrong.” Cardwell v. Commonwealth, 248 Va. 501, 508, 450 S.E.2d 146, 151 (1994), cert. denied, -U.S.-, 115 S.Ct. 1826, 131 L.Ed.2d 747 (1995). A trial court is not prevented *190 from granting an appropriate continuance even after jeopardy has attached and the trial has begun. See Bennett v. Commonwealth, 236 Va. 448, 459-62, 374 S.E.2d 303, 310-12 (1988), cert. denied, 490 U.S. 1028, 109 S.Ct. 1765, 104 L.Ed.2d 200 (1989).
In Bennett, a capital murder case, an issue arose midtrial whether Mary Bennett, the central witness for the prosecution, was married to Bennett or to another man, and thus whether her testimony should be excluded as privileged under Code § 19.2-271.2. 236 Va. at 454-55, 374 S.E.2d at 308. During the trial, the Commonwealth was surprised when Bennett introduced into evidence a California order that validated his marriage to Mary. The Commonwealth asked for and was granted a continuance. Bennett objected strenuously, arguing that a continuance would deprive him of a part of his defense, the ability to surprise the Commonwealth, and that it would violate his constitutional rights. Id. at 459-60, 374 S.E.2d at 311. The Supreme Court held that Bennett had no “right of surprise,” stating that:
The aim of trials is to find the truth.... All the rules of decorum, ethics, and procedure are meant to aid the truth-finding process. Ambush, trickery, stealth, gamesmanship, one-upmanship, surprise have no legitimate role to play in a properly conducted trial.
Id. at 460-61, 374 S.E.2d at 311.
The Supreme Court also held that the fact that the jury had been impaneled did not invalidate the continuance and relied upon the Fourth Circuit Court of Appeals decision in Webb, 720 F.2d 375. In Webb, the Fourth Circuit upheld a five-day continuance so that the prosecution could subpoena key witnesses. 720 F.2d at 380. The Fourth Circuit stated that:
[immediately before and immediately after the swearing of the first witness in a nonjury trial the difference is, in many respects, miniscule. The simple, yet to us controlling, consideration is that the accused must be placed in jeopardy twice for double jeopardy to exist. It happens when the second event involves a completely new beginning, i.e., when *191 the second proceeding takes place before a new trier of fact, ... or the same judge starting with a clean slate. It simply does not occur when the very same proceeding continues on after a brief postponement before the first and only trier of fact____
Id. at 379 (citation omitted) (emphasis added). The Court in Bennett noted that, “even though the new witnesses [in Webb ] helped convict the accused, the Fourth Circuit said there was a ‘total lack of prejudice to the defendant.’ ” 236 Va. at 462, 374 S.E.2d at 312 (quoting Webb, 720 F.2d at 378).
We hold that the rationale of Bennett and Webb is equally applicable to the instant case. The trial court’s order of August 18,1994 indicates why the court continued the trial:
During the Commonwealth’s Attorney[’s] case in chief, the Court inquired of the Commonwealth’s Attorney if the Commonwealth would be willing to waive jail time for the Defendant. The Commonwealth’s Attorney advised the Court that the Commonwealth would not waive jail time for the Defendant.
The Court then inquired of the Defendant why he did not have legal counsel. The Court stopped all proceedings in this case and advised the Defendant to seek Counsel.
Unlike the continuances in Bennett and Webb, the continuance in this case was for the benefit of appellant rather than the Commonwealth. Appellant does not contend that the brief continuance prejudiced him in any way, and no evidence in the record demonstrates prejudice. On the contrary, the trial court continued the case specifically to allow appellant to retain an attorney to protect his interests. In fact, on July 7, appellant’s counsel requested an additional continuance to have the trial heard on a date acceptable to his schedule. When the trial resumed on July 28, 1994, the same judge heard the case who had initially heard it on June 16, 1994. Appellant was not re-arraigned and did not enter pleas to the *192 charges.[2] The Commonwealth called Trooper Ingham as its witness and continued with his testimony. Additionally, the court orders and statement of facts show no contemporaneous objection by appellant to the continuance. Under the facts of this case, we find no abuse of discretion in the trial court’s granting of a continuance from June 16, 1994 to July 7,1994 to allow appellant to obtain counsel. As in Webb, “[b]y granting the continuance, the state trial court showed that it was ‘scrupulously interested in insuring that justice be done.’ ” Bennett, 236 Va. at 462, 374 S.E.2d at 312 (quoting Webb, 720 F.2d at 381).
Accordingly, the decision of the trial court is affirmed.

Affirmed.

. The record in this case was a written statement of facts pursuant to Rule 5A:8(c).

. As the dissent notes, the final order of July 28, 1994 indicated that appellant was arraigned on the warrant and pled not guilty. However, the written statement of facts does not reflect that appellant was re-arraigned and shows a resumption of the trial with Trooper Ingham’s testimony. We rely on the written statement of facts.