COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Willis
Argued at Salem, Virginia


ANTHONY CORDELL PRICE
                                        OPINION BY
v.        Record No. 1345-96-3   JUDGE JERE M. H. WILLIS, JR.
                                        JUNE 3, 1997
COMMONWEALTH OF VIRGINIA

         FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                    James F. Ingram, Judge

         Phyllis Marie Mosby, Assistant Public
         Defender (Office of the Public Defender, on
         brief), for appellant.

         Monica S. McElyea, Assistant Attorney General
         (James S. Gilmore, III, Attorney General, on
         brief), for appellee.


     Anthony Cordell Price was convicted on three charges of

distributing cocaine.  On appeal, he contends that the trial

court erred in denying his motion to dismiss the indictments on

the ground that he was denied a speedy trial.[1]  For the reasons

that follow, we affirm the judgment of the trial court.

                              I.

     On June 19, 1991, Price was indicted on three charges of

distributing cocaine.  Because he was a fugitive, the cases were

removed from the trial docket.  They were reinstated on September

26, 1995.

_____

     [1]Price also contends that the Commonwealth failed to abide by
Code § 53.1-212, which provides for cooperation in the enforcement
of the Interstate Agreement on Detainers.  Because this issue was
not raised before the trial court, we will not consider it for the
first time on appeal.  Rule 5A:18.

On May 23, 1995, pursuant to the Interstate Agreement on Detainers (IAD), the Commonwealth lodged a detainer against Price, who was incarcerated in Nevada. On June 26, 1995, the Commonwealth received notification and forms from Price requesting speedy disposition of the pending charges, pursuant to Code § 53.1-210, Article III.

On July 14, 1995, the Commonwealth notified Nevada authorities that it wished to assume temporary custody of Price on October 2, 1995. Price was subsequently transported from Nevada to Virginia. On October 4, 1995, he was arraigned and the public defender was appointed to represent him.

On October 26, 1995, the trial court conducted an informal pre-docket call meeting to set cases involving the public defender's office for trial at the November term. Lawrence Gott, Danville Public Defender, stated that he did not want to try Price's case until the following term. Under a local Danville rule, an attorney is entitled to a continuance to the next term of court if he or she has not had the case for thirty days. The Commonwealth's attorney reminded Mr. Gott that Price's case had to be tried within 180 days under the IAD.

On October 31, 1995, the trial court conducted a formal docket call. When Price's case was called, Mr. Gott requested that it be passed to the January term of court. The trial court continued the case to the January term by order entered October 31, 1995, which Mr. Gott endorsed as seen.

On January 18, 1996, Price moved to dismiss the indictments on the ground that the Commonwealth had failed to provide him a speedy trial. The trial court denied the motion.

## II.

Price contends that he was denied his right to a speedy trial in violation of the IAD and the Virginia and federal constitutions. Specifically, he argues that the October 31 continuance did not toll the 180 day speedy trial period required by the IAD because it failed to conform to the IAD requirements for a continuance.

Codified at Code §§ 53.1-210 to -215, the IAD is a congressionally sanctioned compact providing for the speedy disposition of criminal charges pending against a person who is incarcerated in another jurisdiction. To that end, Article III(a) provides in pertinent part that:

> [A prisoner] shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint . . . .

Code § 53.1-210, Art. III(a).

The detainer based upon Price's indictments was lodged in Nevada on May 23, 1995. Price's June 26, 1995 request for speedy disposition of the indictments commenced the running of the 180 day period set forth in Article III(a). Thus, Price should have been brought to trial by December 26, 1995.

Generally, the grant or denial of a continuance lies within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion and demonstrated prejudice to the complainant. Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 509 (1990). However, the granting of a continuance must comply with Code § 53.1-210, Article III(a) in order to toll the speedy trial provision of the IAD.

Article III(a) requires for a continuance that: (1) the trial court must have competent jurisdiction, (2) the continuance must be granted in open court, (3) the defendant or his attorney must be present, (4) the movant must show good cause, and (5) the length of the continuance must be reasonable or necessary.[2] Code § 53.1-210, Art. III(a). See Delgado v. Commonwealth, 16 Va. App. 50, 59, 428 S.E.2d 27, 32 (1993).

The trial court had jurisdiction over the case. It granted the continuance in open court, in the presence of Price's attorney, and on his motion. The order granting the continuance was endorsed by Price's attorney and stated that it was based upon good cause shown. The record supports this assertion. The continuance was brief. Under these circumstances, we find that the continuance was necessary to provide Price adequate time to prepare for trial. Price makes no argument contesting the trial

---

[2]Code § 53.1-210, Article III(a) states that: "for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

court's adherence to the procedures for granting a continuance, and we find no error in the trial court's granting of the continuance.  Thus, the 180 day period was tolled until the commencement of trial on January 23, 1996.  See Delgado, 16 Va. App. at 59, 428 S.E.2d at 32.  Cf. Code § 19.2-243(4).

                                    III.

     Price also contends that he was denied his right to a speedy trial guaranteed by Article I, Section 8 of the Virginia Constitution and the Sixth Amendment to the United States Constitution.  In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court set forth factors to be utilized in determining whether a defendant has been denied his right to a speedy trial, including:  (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) whether prejudice to the defendant resulted.  See Holliday v. Commonwealth, 3 Va. App. 612, 352 S.E.2d 362 (1987).  In examining the first factor:

> [I]f the delay in bringing a defendant to trial is not sufficient to raise at least an inference of injustice, further exploration is unnecessary . . . . [Thus, a] defendant must be able to at least raise the presumption that, in his particular case and in his particular circumstances, the delay involved was so detrimental as to have endangered his right to a fair trial.

Beachem v. Commonwealth, 10 Va. App. 124, 131, 390 S.E.2d 517, 519 (1990).  The trial was conducted less than one month after the expiration of the 180 day period.  The delay resulted from

defense counsel's request for a continuance.  Nothing in the record suggests that the delay prejudiced Price's right to a fair trial.  Thus, even assuming that the delay was of sufficient magnitude to require further analysis, the factors identified in Barker preponderate clearly in favor of the Commonwealth and do not establish a constitutional violation.  We find no denial of Price's constitutional guarantee to a speedy trial.[3]

We affirm the judgment of the trial court.

Affirmed.

---

[3]Price contends that the Commonwealth's decision to accept custody of Price in October, 1995, amounted to a de facto delay of three months attributable to the prosecution.  This argument was not presented to the trial court and we will not address it for the first time on appeal.  Rule 5A:18.