COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


CEDRICK LYDELL FORD

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 3157-05-1              JUDGE RUDOLPH BUMGARDNER, III
                                                        MARCH 20, 2007
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                               Wilford Taylor, Jr., Judge

            John E. Robins, Jr. (Office of the Public Defender, on briefs), for
            appellant.

            Joshua M. Didlake, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Cedrick Lydell Ford appeals the revocation of a suspended sentence.  He contends he

could not have violated probation because he committed no act that violated the terms of

probation after an earlier revocation hearing.  We affirm the decision of the trial court because

the defendant agreed to the procedure the trial court adopted.

        On August 29, 2002, the trial court convicted the defendant of two counts of grand larceny

and one count of false pretenses.  It sentenced him to two years on each count, suspended one year

on one count of grand larceny, and suspended the entire sentence on the remaining counts.  The trial

court placed the defendant on supervised probation for three years.

        On May 7, 2004, the trial court held the first revocation hearing.  The Commonwealth

charged that the defendant had failed to report, changed his address without permission, left the

Commonwealth without permission, and absconded from supervision.  The trial court found the

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

defendant had violated his probation on those grounds and revoked the suspended sentences.  It resuspended the entire sentence on the condition of good behavior, but extended supervised probation until August 2008.

The defendant had drug charges pending in federal court in New York when the trial court held the first revocation hearing.  The defendant and the Commonwealth agreed those charges would not be considered at that revocation hearing.  They further agreed that if the defendant was subsequently convicted in New York, the conviction could be considered at a subsequent revocation hearing.[1]

On November 4, 2004, the defendant pleaded guilty in the U.S. District Court in New York to conspiracy to distribute and possession with intent to distribute at least fifty grams of crack cocaine.  Those convictions were the basis of the second revocation hearing held December 1, 2005, during which the trial court found the convictions were a violation of the defendant's probation. The trial court revoked the suspended sentences, imposed two years to serve, and resuspended the balance of the sentences.  The defendant appeals that decision, maintaining the trial court could not revoke his suspended sentences because he committed the New York offenses before his first revocation hearing on May 7, 2004.

The record is clear that the first revocation hearing did not involve any allegation that the defendant committed any criminal offense after being placed on probation.  The trial court specifically found that the Commonwealth did not allege or present evidence of the New York charges, and the trial court did not consider them at the first hearing.

---

[1] The transcript of the May 7, 2004 revocation hearing is not in the record, nor does it contain any written agreement that conviction of the New York charges could serve as a basis for a subsequent revocation hearing.  However, at the subsequent revocation hearing, the probation officer testified about the basis of the first hearing and the agreement to consider the New York charges only if there was a conviction.  The defendant neither objected to nor disputed the testimony.

The defendant agreed to the very procedure of which he complains on appeal. At the first revocation hearing, the defendant agreed that the existence of the pending New York charges would not be considered. If he was actually convicted of the New York charges, the convictions could then be the basis of a subsequent revocation hearing. "A party may not invite error and subsequently raise that error as grounds for appeal." Batts v. Commonwealth, 30 Va. App. 1, 11, 515 S.E.2d 307, 312 (1999).

The trial court could have considered the fact of the New York charges without waiting to see whether they resulted in convictions. See Slayton v. Commonwealth, 185 Va. 357, 366, 38 S.E.2d 479, 483 (1946). The defendant obtained favorable treatment from the Commonwealth by deferring any consideration of the New York charges until and unless he was actually convicted of them.

If the trial court had considered the New York charges at the first hearing, Code § 19.2-306(D) would apply. It states:

> If any court has, after hearing, found no cause to impose a sentence that might have been originally imposed, or to revoke a suspended sentence or probation, then any further hearing to impose a sentence or revoke a suspended sentence or probation, based solely on the alleged violation for which the hearing was held, shall be barred.

However, the trial court did not consider the New York charges, and Code § 19.2-306(D) does not bar later consideration of that not previously considered.

The defendant waived the objection he makes on this appeal by agreeing to the procedure the trial court followed. Accordingly, we affirm the revocation.

Affirmed.