COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


JEREMEY N. PLACE

MEMORANDUM OPINION[*] BY
v.        Record No. 0768-06-4        JUDGE ROSEMARIE ANNUNZIATA
MARCH 27, 2007

CANDACE M. ROACH


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Kathleen H. MacKay, Judge

Mariam Ebrahimi (Mariam Ebrahimi, PLLC, on brief), for appellant.

No brief or argument for appellee.


Jeremey N. Place, father, appeals the trial court's decision that (1) denied his petition for

sole legal custody of the parties' two minor children, (2) denied his petition for supervised

visitation with the parties' two minor children by Candace M. Roach, mother, and (3) transferred

sole legal and physical custody of the parties' two minor children to mother.[1]  He also contends

the trial court erred by allowing mother to present evidence that pre-dated prior custody orders

and erred in its application of Code § 20-124.3:1.  For the reasons that follow, we affirm the trial

court's decision.

## Background

Father and mother were married on May 4, 1996 and were divorced by order of the

Fairfax County Circuit Court entered on March 2, 2004.  The parties had two children during the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The February 23, 2006 final order awards "sole custody" of the children to mother.  In the absence of evidence to the contrary, we interpret this to mean sole physical and legal custody.

marriage. During the separation, the parties agreed that they would maintain joint legal custody of the children, with primary physical custody posited in the father. An order reflecting the agreement was entered by the Fairfax County Juvenile and Domestic Relations District Court on September 30, 2002.

In the course of the divorce proceeding, mother sought primary physical custody of the children. Her motion was denied and primary physical custody remained with the father by court order dated December 19, 2003; legal custody was maintained as joint. The court also awarded mother visitation with the children, which included both mid-week and every other weekend visitation.

In September 2004, father remarried. In January 2005, mother, *pro se*, filed a "Petition for Modification of Order made by Circuit Court," seeking primary physical custody of the children. On March 18, 2005, father filed a "Verified Petition for Rule to Show Cause," seeking, *inter alia*, an order finding mother in contempt for her "willful refusal to abide by this Court's Child Custody Order, dated 19 December 2003" and terminating her visitation with the children. In response, mother filed a "Motion to Dismiss the Rule to Show Cause," which was followed by father's April 21, 2005 "Motion to Modify Custody" and "Motion to Modify Visitation," seeking sole legal custody of the children and supervised visitation by the mother. Mother responded by filing a "Motion for Custody and Child Support," seeking primary physical custody of the children and child support.

The trial court held numerous hearings on the motions from July 19, 2005 to February 2, 2006. Upon consideration of the evidence, the trial court entered an order on February 23, 2006 awarding sole custody of the children to mother. It is from this order that father appeals.

<u>Analysis</u>

Father first contends the trial court abused its discretion when it transferred legal and physical custody of the parties' two minor children to mother and denied his request for sole legal custody of the children and that visitation with the mother be supervised.  He argues the trial court failed to consider all the "best interests of the child" factors as required by Code § 20-124.3.

The principles that govern the resolution of this appeal are long settled.  A trial court may "revise and alter [its] decree concerning the care, custody, and maintenance of the children and make a new decree concerning [custody], as the circumstances of the parents and the benefit of the children may require."  Code § 20-108; <u>Wilson v. Wilson</u>, 18 Va. App. 193, 195, 442 S.E.2d 694, 695-96 (1994).  In determining whether a modification of custody is warranted, the trial court must consider whether:  (1) there has been a change in circumstances since the most recent custody award; and (2) a change in custody is in the best interests of the child.  <u>Keel v. Keel</u>, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983) (citations omitted).  The parent seeking to obtain a transfer of custody bears the burden of establishing those facts.  <u>Hughes v. Gentry</u>, 18 Va. App. 318, 322, 443 S.E.2d 448, 451 (1994).

The decision to modify a child custody order is committed to the sound discretion of the trial court.  <u>See</u> <u>Wilson</u>, 18 Va. App. at 195, 442 S.E.2d at 695-96.  "'A trial court's determination of matters within its discretion is reversible on appeal only for abuse of that discretion . . . and [its] decision will not be set aside unless plainly wrong or without evidence to support it.'"  <u>Goldhamer v. Cohen</u>, 31 Va. App. 728, 734-35, 525 S.E.2d 599, 602 (2000) (quoting <u>Farley v. Farley</u>, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990)).

On appeal, we view the evidence in the light most favorable to mother, the party prevailing below.  <u>Petry v. Petry</u>, 41 Va. App. 782, 785-86, 589 S.E.2d 458, 460 (2003) (citing

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003)). Thus, we will "'discard the evidence of [father] which conflicts, either directly or inferentially, with the evidence presented by [mother].'" Id. at 786, 589 S.E.2d at 460 (quoting Congdon, 40 Va. App. at 258, 578 S.E.2d at 835). "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

Here, there is no dispute that a change of circumstances occurred since the prior custody order. The inquiry, thus, is whether the trial court abused its discretion in ordering that custody be modified, placing sole custody in mother. Our review of the record shows the trial court's decision is supported by the evidence and is not plainly wrong.

The trial court articulated numerous grounds for its decision, and the court specifically stated that it accepted mother's evidence about father's increasing tendency to exclude her from decision-making regarding the children. The trial court found that, notwithstanding the order that the parties have joint legal custody, father had failed to consistently and effectively consult with mother concerning the children and had refused to communicate with her except in writing. It further found that father had interfered with mother's visitation, making it difficult for her to have telephone visitation, refused her summer visitation, refused to allow the children to visit their ailing maternal grandfather, and inordinately delayed signing a document allowing mother to have supervised visitation with the children. The trial court also concluded that father inappropriately excluded mother from the children's lives and expressed significant hostility toward her to the detriment of the children. Finally, the trial court noted that allegations that mother had sexually abused one of the children first arose during the custody trial and as a result of a suggestive question to the child from father's current wife. The court expressed concern

- 4 -

that, although the result of an investigation concluded that the allegations were unfounded, father continued to act as if the allegations were true, and he inappropriately took the child to a new therapist, without informing mother, causing pressure on the child.

We hold the trial court's decision was based on a proper consideration of the evidence as it related to the statutory factors, and that evidence supports the conclusion reached. We cannot say that this decision was plainly wrong; thus, we affirm the trial court's determination that the best interests of the children are served by transferring legal and physical custody to the mother.

Father also argues that the trial court abused its discretion because it failed to make a finding regarding all the factors enumerated in Code § 20-124.3 before it determined the best interests of the children. Father's contention is without merit.

Code § 20-124.3 requires that the trial court "communicate to the parties the basis of the decision either orally or in writing." We have interpreted this language to require the trial court "to identify the fundamental, predominating reason or reasons underlying its decision. This level of specificity does not require the [court] to address all aspects of the decision making process . . . ." Kane v. Szymczak, 41 Va. App. 365, 372-73, 585 S.E.2d 349, 353 (2003). The court is not required "'to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Id. at 373, 585 S.E.2d at 353 (quoting Sullivan v. Knick, 38 Va. App. 773, 783, 568 S.E.2d 430, 435 (2002)).

Although the trial court was not required to elaborate on each of the statutory factors, when articulating its findings and rulings at the February 2, 2006 hearing, the trial court specifically referenced and discussed seven of the factors contained in Code § 20-124.3 that it believed particularly relevant to its decision. Therefore, we conclude the trial court considered the necessary statutory factors in determining the best interests of the children.

Father next argues that the trial court erred by considering evidence that pre-dated the prior custody orders of December 2003 and September 2002. We find the argument to also be without merit.

The trial judge, who was not the judge who had heard the original custody dispute, permitted testimony regarding the family's history and custodial dispute.

> [W]here a different trial judge is called upon to consider the evidence in support of and in opposition to a subsequent custody petition, consideration of evidence that establishes background information and permits the trial judge to understand the alleged change in circumstances is permissible. Such evidence, however, is not to be used to retry the issues resolved in the prior proceedings.

Turner v. Turner, 3 Va. App. 31, 33, 348 S.E.2d 21, 22 (1986).

The record shows that the trial court reviewed the evidence relating to the prior proceedings only as background information and that the court did not retry the issues that had been earlier resolved. In short, the trial court's analysis of the evidence and the decision it reached were based upon events and circumstances that occurred after the first custody hearing.[2]

---

[2] Furthermore, at the time father made this objection, mother's counsel was questioning mother about her relationship with the children since their birth and her abilities to assess their needs. Father's counsel objected to the line of questioning, but then stated, "[I]f we're going to go back to day one, I would like to call [father] to talk about his involvement with the children." The trial court granted the request. Father cannot now complain about the admission of evidence pre-dating the first custody hearing when he asked for the opportunity to present similar evidence, a request the trial judge granted.

> "[A] [litigant], having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position. No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate--to invite error . . . and then to take advantage of the situation created by his own wrong."

Batts v. Commonwealth, 30 Va. App. 1, 11, 515 S.E.2d 307, 312 (1999) (quoting Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992)).

Father next argues that the trial court erred by refusing to allow the children's mental health therapist to testify about information gathered during therapy sessions attended by mother, asserting that mother "opened the door" to the testimony and put her mental health at issue by calling her therapist to testify concerning her psychological evaluation. Father contends that by calling her therapist as a witness, mother waived any privilege she may have had under Code § 20-124.3:1 to object to testimony from the children's therapist.[3]

However, father failed to present this argument to the trial court. Rather, father's argument to the trial court on the issue was confined to the ground that mother waived the statute's protection because others were present during her sessions with the children's therapist. Therefore, our consideration of the issue is procedurally barred under Rule 5A:18. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

---

[3] Code § 20-124.3:1 provides, in part:

> B. In any case in which custody or visitation of a minor child is at issue pursuant to [Code] § 20-124.2, . . . a mental health care provider licensed in the Commonwealth may not be required to testify on behalf of or against a parent or any of the parent's adult relatives, and may do so only with the advance written consent of the parent.

For the reasons stated, we affirm the judgment of the trial court.

Affirmed.