COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Annunziata


DONALD ALLEN MASTERS
                                                    MEMORANDUM OPINION[*]
v.        Record No. 2379-06-4                          PER CURIAM
                                                       APRIL 3, 2007
THERESA MARION SUTTON


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dennis J. Smith, Judge

(Donald Allen Masters, *pro se*), on brief.

No brief for appellee.


Donald Allen Masters, father, appeals an order of the trial court granting a motion for

modification of child custody and visitation filed by Theresa Marion Sutton, mother.  On appeal,

father contends the trial court erred by:  (1) failing to consider the statutory factors of Code

§ 20-124.3 and finding mother's relocation to Pennsylvania was in the best interests of the child;

(2) ruling that the child was not of reasonable and sufficient intelligence to express his preference as

mandated by Code § 20-124.3; (3) restricting father's visitation with the child and altering the

location of the visitation to Pennsylvania; (4) diminishing father's visitation rights with the child;

and (5) approving a private school in Pennsylvania for the child.  Upon reviewing the record and

opening brief, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

The parties were married in 1992 and were divorced in 2003. They had one child during the marriage. After the divorce, the parties had joint legal custody of the child and mother had primary physical custody with father having visitation.

In May 2006, mother remarried and her new husband accepted a job in Pennsylvania. In June 2006, mother filed a motion for modification of custody and visitation, stating that she intended to relocate the child to Pennsylvania and requesting that the trial court determine a reasonable custodial access and visitation schedule for father in light of the relocation. Father filed a motion asking the trial court to deny mother's motion and requesting a change in custody.

On August 9, 2006, the trial court held a hearing on the motions. After hearing the parties' evidence, the trial court found that, although both parties had loving and strong relationships with the child, mother had been the child's primary caretaker throughout the child's nine-year life and she was better able to assess the needs of the child. In addition, the court found that father had mental health issues, employment issues, and an upcoming possible change in residence that prevented him from providing the child with stability and structure. Furthermore, mother's relocation was not motivated by a desire to reduce father's time with the child. Moreover, mother was relocating to an area that was less than three hours' drive from father's residence. The trial court found that relocation was in the best interests of the child, it continued primary physical custody with mother, and it revised father's visitation with the child. Father appeals the trial court's decision.

<u>Analysis</u>

"In cases involving the modification of a custody decree . . . the court must evaluate whether a change in custody would be in the best interests of the child." <u>Bostick v. Bostick-Bennett</u>, 23 Va. App. 527, 535, 478 S.E.2d 319, 323 (1996).

> "A court may forbid a custodial parent from removing a child from the state without the court's permission, or it may permit the child to be removed from the state." It is well settled that the child's best interest is the criterion against which such a decision must be measured. Such a decision is a matter of discretion to be exercised by the court, and, unless plainly wrong or without evidence to support it, the court's decree must be affirmed.

<u>Id.</u> at 533, 478 S.E.2d at 322 (quoting <u>Scinaldi v. Scinaldi</u>, 2 Va. App. 571, 573, 347 S.E.2d 149, 150 (1986)).

When determining what custodial arrangement serves the best interests of a child, the court shall consider the factors enumerated in Code § 20-124.3. "[T]he . . . difficulty in maintaining a beneficial relationship between a child and a non-custodial parent should not be the sole basis for restricting a custodial parent's residence except where the benefits of the relationship cannot be substantially maintained if the child is moved away from the non-custodial parent." <u>Scinaldi</u>, 2 Va. App. at 575, 347 S.E.2d at 151. As the party seeking to modify visitation, mother bore the burden to prove that a change of circumstances occurred and that such a change in visitation would be in the best interests of the child. <u>See</u> Code § 20-108.

The trial court considered the factors of Code § 20-124.3 in making its decision, elaborating on many of the factors when discussing its analysis from the bench. When the trial court considers all the factors outlined in Code § 20-124.3, "it is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" <u>Sargent v. Sargent</u>, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting <u>Woolley v. Woolley</u>, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)).

The evidence showed that father was currently unable to provide the child with a lifestyle of stability and structure. In addition, the child had some special education needs which mother had accurately assessed and addressed. Mother was relocating to an area which father could reach by car in about three hours. Therefore, father would be able to continue visitation with the child. Furthermore, the trial court modified the visitation so that father had custody of the child for six of the ten weeks of the summer vacation and all three-day weekends. The trial court's order also provided for the opportunity for father to visit the child in Pennsylvania on one weekend a month. The evidence supports the trial court's rulings.

Father argues the trial court abused its discretion in setting the new visitation schedule, restricting father's visitation time, and altering the location of the visitation to Pennsylvania. However, father testified that he believed traveling every weekend would be hard on the child. Moreover, the trial court stated that the new visitation schedule "will make up for the difficulties that will occur from the loss of [visitation on] every other weekend. That more than makes up for it in terms of time and contact." "The court, in the exercise of its sound discretion, may alter or change custody or the terms of visitation when subsequent events render such action appropriate for the child's welfare." Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 12 (1986). The record supports the trial court's decision.

Father contends the trial court erred by ruling that the child was not of reasonable and sufficient intelligence to express his personal preference pursuant to factor eight of Code § 20-124.3. However, father failed to object at the time the court made the ruling. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. In addition, father did not raise this argument on the final order, which he endorsed "Seen and objected to," but stated no

specific objections. "Ordinarily, endorsement of an order 'Seen and objected to' is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error." Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 926 (2000). Rule 5A:18, therefore, bars our consideration of this argument on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Father also contends the trial court failed to address and consider the best interests of the child concerning his educational needs. He argues in his opening brief that allowing the child to continue his education at Waldorf School was not in the child's best interests and does not resolve the child's underlying problems. However, in his trial testimony, father indicated he would agree to enroll the child in the Waldorf School if the trial court so ordered. "'[A] [litigant], having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position. No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate--to invite error . . . and then to take advantage of the situation created by his own wrong.'" Batts v. Commonwealth, 30 Va. App. 1, 11, 515 S.E.2d 307, 312 (1999) (quoting Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992)).

Accordingly, we summarily affirm the decision of the trial court.

Affirmed.