**Salem**

ROBERT MARCELLUS MANNS, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0231-91-3

Decided February 25, 1992

COUNSEL

M. Dean Cranwell, for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General; John H. McLees, Jr., Assistant Attorney General, on brief), for appellee.

Opinion

**ELDER, J.**—Robert Marcellus Manns, Jr., appeals from his conviction at a bench trial of the misdemeanor of interfering with the property rights of another in violation of Code § 18.2-137. On appeal, defendant asserts that the evidence at trial was insufficient to support the conviction. For the reasons stated herein, we affirm the judgment of the trial court.

On July 5, 1990, John Rider drove Kaliah Al'Hindi to the restaurant where she worked. As Al'Hindi was getting out of the car, defendant appeared, grabbed her by the arm, and tried to pull her from the car. Al'Hindi managed to get back into the car, and Rider drove away. About thirty minutes later, Rider and Al'Hindi again encountered defendant, who by this time was in a car and accompanied by a friend, Joe Baytops. With Baytops driving, the two men pursued Rider and Al'Hindi at speeds up to eighty-five miles per hour. At one point, when the two cars had been slowed by traffic and travelled side by side, defendant leaned out the passenger window of Baytops' car and threw a glass bottle at Rider's car, striking it on the driver's window, which was closed at the time. The bottle shattered but did no damage to Rider's car.

After trying to run Rider's car off the road, Baytops and defendant pulled in front of Rider and slammed on the brakes, causing Rider to hit them from behind at a speed of approximately forty-five to fifty miles per hour. The collision did $700 in damage to Rider's car, though no one was injured. Frightened, Rider drove around Baytops' car and, with Baytops and defendant again in pursuit, sought and flagged down a state trooper.

Both defendant and Baytops testified for the defense. Baytops testified that he and defendant had seen Al'Hindi, a passenger in Rider's car, flash her middle finger at them, make faces, laugh, and wave a ring that belonged to defendant. Baytops stated that none of this behavior angered him. He also stated that, although he had followed behind Rider's car, he had not chased Rider. Instead, he had been driving fifty-five miles per hour, the speed limit, on his way to his grandmother's house. At one point after he had had occasion to pass Rider's car, Baytops testified, Rider accelerated and rammed him from behind. Baytops noted that it was only after the collision that defendant had tossed not a glass bottle, but a plastic bottle, at Rider's car.

Defendant testified that, several days prior to the collision, Al'Hindi had taken his class ring without permission. He said that he asked Baytops to follow Rider's car in order to recover his ring. Defendant indicated that he had intended to follow Rider until he stopped. He also stated that he and Baytops were not chasing Rider's car, but that Baytops was driving to defendant's grandmother's house. After passing Rider, defendant said, Baytops slowed down for mechanical reasons and Rider hit them from behind, then passed them. It was then that defendant threw the bottle.

Defendant asserts that the evidence at trial was insufficient to support a conviction of interfering with the property rights of another.

Defendant was originally charged, tried, and convicted by the trial judge of maliciously throwing a missile at a moving vehicle, a felony. In its sentencing order, the court vacated the conviction on the felony charge "pursuant to motion of counsel for the defendant." In accordance with the defendant's request, the court found defendant not guilty of the felony charge "but guilty of interfering with the property rights of another, a misdemeanor."

A videotape of the sentencing hearing shows that counsel for defendant suggested to the court this alternative resolution. Asked what misdemeanor conviction the facts would justify, defense counsel expressly suggested that defendant could be convicted of interfering with the property rights of another, a violation of Code § 18.2-137. Defense counsel stated that there was "no question" but that defendant had done that.[1]

Furthermore, during a hearing that defendant did not arrange to have transcribed, but which was based on a motion which he has failed to call to the attention of this court, the defendant implored the trial court to convict him of a misdemeanor rather than the felony. Over the objection of the Commonwealth, the trial court granted the defendant the relief he sought.

▮ "The defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position." *Clark v. Commonwealth*, 220 Va. 201, 214, 257 S.E.2d

---

[1] Defendant's counsel on appeal is not the same attorney who represented him at trial.

784, 792 (1979), *cert. denied*, 444 U.S. 1049 (1980). "No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate — to invite error . . . and then to take advantage of the situation created by his own wrong." *Fisher v. Commonwealth*, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988), *cert. denied*, 490 U.S. 1028 (1989); *see also Sullivan v. Commonwealth*, 157 Va. 867, 878, 161 S.E. 297, 300 (1931).

For the reasons stated, the conviction is affirmed.

*Affirmed.*

Koontz, C.J., and Coleman, J., concurred.