COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


KENNETH NEIL BARNETT
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 2622-95-1        JUDGE JOSEPH E. BAKER
                                          SEPTEMBER 24, 1996
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Robert P. Frank, Judge

        R. L. Shrecengost for appellant.

        Leah A. Darron, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.



    Kenneth Neil Barnett (defendant) was convicted of assault

and battery, a violation of Code § 18.2-57, on an indictment

charging felony child abuse.  He complains on appeal that the

misdemeanor is not a lesser-included offense of the felony

originally subject of the indictment.  Finding no error, we

affirm the conviction.

    The parties are fully conversant with the record, and we

recite only those facts necessary to a disposition of this

appeal.

    Upon well established principles, we view the evidence in

the light most favorable to the Commonwealth.  Martin v.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

_____

    [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

On June 3, 1995, Jay Michael Kerivan, then three years of age, was entrusted to defendant's care for several days by the child's mother, Jennifer Miller. When Jay was returned to Miller, she noted numerous bruises about his body. The child was immediately taken to the hospital, and his injuries were determined to be consistent with abuse. Defendant subsequently admitted to "los[ing] his temper," "smacking" and "slapp[ing]" the child in the face, hitting him in the stomach "about six times," "pinch[ing] his nose, and "grabb[ing] him by his neck."[1]

At the conclusion of the Commonwealth's evidence, defendant moved the trial court to "reduc[e]" the "felony abuse to assault and battery," arguing that the Commonwealth had failed to establish conduct "so gross, wanton and culpable as to show a reckless disregard for human life," a necessary element of the offense. See Code § 18.2-371.1(B). Defendant's motion prompted the following colloquy between the court and his counsel.

The Court:     Are you suggesting that there's a lessor [sic] included offense?

Counsel:       Yes, I would suggest that there is. If not, we would certainly have no--quite frankly, we would have no objection at this point to amend  the charge and plead guilty to assault and battery, waive any defense that might come from to eliminate the Court--the Appeals

----

[1]Defendant was indicted for a "willful act or omission in the care of the child . . . so gross, wanton and culpable as to show a reckless disregard for the life of Jay Michael Kerivan" in violation of Code § 18.2-371.1(B).

> <u>Court finding that it's not lessor [sic]</u>
> <u>included.</u>

The Court:    Well, my question to you is are you suggesting that assault and battery is a lessor [sic] included in this offense?

Counsel:      I believe that it's implicit in that charge.

The Court:    All right, sir. I'm going to grant your motion. What this man did was reprehensible of a three-year-old child who was defenseless. . . . The evidence before me does not indicate that there's a reckless disregard for human life; clearly there's a willful act of assault and battery.

(Emphasis added).

Nevertheless, defendant later requested the court to "set aside the conviction of assault and battery," contending that the offense is not "lesser included . . . in the abuse or neglect charged in the indictment." The trial court denied this motion and defendant appeals.

It is well established that a "'defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position.'" <u>Manns v. Commonwealth</u>, 13 Va. App. 677, 679, 414 S.E.2d 613, 615 (1992) (citation omitted). "'No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate--to invite error . . . and then to take advantage of the situation created by his own wrong.'" <u>Id.</u> at 680, 414 S.E.2d at 615 (citation omitted).

Moreover, assuming, without deciding, that assault and battery is not lesser included within the indicted offense, the order of conviction in this instance clearly reflects that the

court "reduce[d] the . . . indictment to [a]ssault and [b]attery" on defendant's motion. Code § 19.2-231 provides that "if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof, the court may permit amendment of such indictment . . . at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged."[2] Any objection to deficiencies in arraignment on the amended indictment was not presented to the trial court and, therefore, is not before this Court on appeal. See Rule 5A:18; Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).

Accordingly, we affirm defendant's conviction.

Affirmed.

---

[2]Defendant concedes that the Commonwealth's evidence was sufficient to prove assault and battery.