COURT OF APPEALS OF VIRGINIA

Present:  Judges Fitzpatrick, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


NOVA SUPPLY, INC.
                                    MEMORANDUM OPINION[*]
v.   Record No. 3031-96-4     BY JUDGE JOHANNA L. FITZPATRICK
                                         JULY 8, 1997
MICHAEL G. CLARK


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Lisa C. Healey (Siciliano, Ellis, Dyer &
            Boccarosse, on brief), for appellant.

            Michael W. Heaviside (Ashcraft & Gerel, on
            brief), for appellee.



        On appeal from the commission's award of compensation to

Michael G. Clark (claimant), Nova Supply, Inc. (employer)

contends that the commission erred in finding (1) that employer

could participate in the hearing without legal representation and

(2) that the evidence was sufficient to demonstrate that claimant

was an employee and that he sustained a compensable injury.  For

the reasons that follow, we affirm the decision of the

commission.

                    I.   BACKGROUND

        Claimant and Wade Burgess (Burgess) were involved in an

altercation that occurred on September 14, 1995.  As of that

date, Burgess was the minority owner of the business of Nova

Supply, Inc., and Naomi Stager (Stager) was the majority owner of

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the business.  Claimant was employed as a driver and warehouse supervisor.

On September 14, 1995, claimant and Stager arrived at the workplace to discover that Burgess "had changed the keys -- changed the lock, had it re-keyed --."  Burgess then physically assaulted Stager when she attempted to enter the office part of the building.  Claimant watched from the doorway as Burgess "kicked and punched [Stager] and threw her out of the -- physically threw her out of the building after, after she arrived."  Upon observing this behavior, claimant decided that "since she had told me that I had a job and she didn't have any control, I just wanted to get my things and, and my paycheck and get away."  However, before he could do so, he was physically assaulted by Burgess.  Burgess "grabbed" claimant and pulled him into the building.  Claimant's foot caught in the door and snapped as the two fell into the building and onto the floor.  Claimant sustained a "closed fracture and dislocation of the right ankle."  He was taken to Fairfax Hospital where he received emergency "surgical intervention in the form of open reduction and fixation and stabilization with screws."  Claimant applied for and received compensation from September 14, 1995 and continuing.

At the hearing before the deputy commissioner on May 23, 1996, Beth Pettipas, a former employee for Nova Systems, Inc., testified regarding erratic behavior exhibited by Burgess

throughout her employment, and that on September 14, 1995, she witnessed Burgess shove and kick Stager. Pettipas saw Burgess assault claimant following his assault on Stager, and at that point, she called the police from her car phone. When the police arrived at the scene, they arrested Burgess for the assault and battery of both claimant and Stager and for possession of crack cocaine.

Additionally, Pettipas testified to events that occurred on September 13, 1995. She stated that on that date Burgess was in a "frenzy" and doing "things that didn't make any sense, phone calls that just were crazy." She testified that Burgess called and fired claimant, but that Stager then spoke to Burgess, and after the telephone conversation, she called the police. While they were waiting for the police, Stager indicated that no one was fired. Finally, Pettipas stated on redirect that she heard Stager tell claimant on the morning of September 14, 1995 that he was not fired, and that on September 13, 1995, she heard Stager reiterate twice that claimant was not fired.

Claimant testified that on September 14, 1995, as he was attempting to retrieve his personal belongings,

> [Burgess] came at me. And the, . . . scuffle, . . . came about I guess, and as he came at me, and . . . Ms. Stager was standing at the door, and when the door shut, . . . I didn't have any place to go, basically, as he came at me. He came charging straightforward at me. He was right there, . . . a couple of feet from the door. He had opened the door and, and I was standing in the doorway and [] I . . . just went into submission and just kind of put my hands over my head as, as he

3

came at me.  And the next thing I know we were on the floor, and . . . I had a pain in my right, my right ankle, and looked down and I could see that my foot was, . . . hanging off, and there was the stub of my leg with no foot on it.  My foot was actually, . . . completely -- well, the only thing holding it in place was the flesh.

Burgess testified that he had the sole authority to hire and to fire employees, and that he had fired claimant on September 13, 1995 for the unauthorized use of a company vehicle.  He admitted that he changed the building locks on September 13-14, 1995, and that on the morning of September 14, 1995 he pushed Stager out of the building.  He denied pulling claimant into the building or otherwise assaulting claimant.  Additionally, Burgess denied having a drug problem on the dates of September 13-14, 1995.

Naomi Stager also testified.  She agreed that Burgess made all the hiring and firing decisions.  However, she stated that she was the majority owner of the business,[1] and that she did not recollect Burgess instructing her to get any item or keys from claimant.  Neither did she recall that she told claimant on either September 13 or September 14 that he was not fired.  Finally, she denied witnessing what transpired between Burgess and claimant on September 14, 1995.

Following the hearing, the deputy commissioner issued an opinion dated June 6, 1996, and found as follows:

[1]The fact that Stager was the majority owner of the business is not in dispute.

4

> In the present matter, the Commission determines that the testimony of Beth Pettipas and Michael Clark is completely credible. <u>The Commission does not accept as credible the testimony of either Burgess or Stager that Michael Clark had been terminated the day prior to his injury by accident.</u> Both of the owners of Nova Supply gave internally inconsistent testimony with regard to Burgess's behavior and actions on September 13, and 14, 1995. At various points in the testimony of both employers, the witnesses stated that they could not remember the events accurately.
>
> In this unfortunate employment situation, the Commission believes that Burgess was impaired by controlled substances, that he acted irrationally, and that he was the aggressor in the altercation with Michael Clark. <u>Because Naoma [sic] Stager is the majority owner of the corporation, the Commission finds that she has the power to retain or to terminate employees. In light of all the circumstances described here, the Commission finds that even if Burgess told Michael Clark that he was terminated, it is more likely than not that Stager confirmed to Michael Clark that he was still employed.</u> For this finding, the Commission specifically relies on the testimony of Beth Pettipas that she heard and saw this precise series of events occur.

(Emphasis added). Accordingly, the deputy commissioner found that claimant was injured on the employer's premises, during the course of his employment, and awarded claimant temporary total disability benefits from September 14, 1995 and continuing.

By opinion dated November 6, 1996, the full commission affirmed the decision of the deputy commissioner. The commission found, regarding the representation of the corporate defendant, as follows:

> There is no merit to the employer's

5

argument that the proceedings should not have commenced merely because the corporate employer was unrepresented. Proper notices of the hearing were sent to the employer and were not returned, and the appearance of the employer's officers is sufficient to confirm that they were received. There was ample opportunity for the officers to obtain legal counsel for the corporation, and they cannot now complain because they did not act accordingly and because there was therefore no legal appearance by the corporate entity.

Additionally, upon review of the record, the commission found that:

[T]he corporate officers were not frank and candid witnesses, but were instead uncooperative and evasive. We particularly note that the self-serving testimony of Wade Burgess was in some key elements not in accord with normal facts, and it was inconsistent with and contradicted by the testimony even of his own corroborating witness.

\* \* \* \* \* \* \*

Th[e] evidence establishes that Burgess was the aggressor and that the claimant was an unwilling victim to Burgess' assault upon him. The claimant's injuries therefore arose out of and in the course of his employment, Park Oil v. Parham, 1 Va. App. 166, 336 S.E.2d 531 (1985), even if incurred as the claimant was actually trying to separate himself from the work place because of doubts that the employment contract could be enforced. Brown v. Reed, 209 Va. 562, 165 S.E.2d 394 (1969).

Upon consideration of the entire record in this case, we find no merit to the errors argued by the employer on review. Accordingly, the June 6, 1996 Opinion of the Chief Deputy Commissioner awarding benefits in this case is AFFIRMED . . . .

II. REPRESENTATION BEFORE THE COMMISSION

6

Employer argues that the corporation was required to be represented by counsel at the hearing before the deputy commissioner, and because the officers appeared without a lawyer, the hearing could not proceed. Employer's contention is without merit.

In this case, the corporate party was the employer Nova Supply, Inc. At the hearing before the deputy commissioner, the deputy commissioner noted for the record that "the employer is -- or the employer, which has been noted as having no record of insurance, and I guess The Fund -- The Uninsured Employer's Fund is represented by Assistant Attorney General, Gay Lynn Taxey." Thus, although Burgess and Stager testified without counsel, the commission correctly found that they did not testify as the corporation itself, but as mere employees and as witnesses to the events in question. Employer is the party who consciously and voluntarily proceeded without counsel, and cannot now be heard to complain. It may not approbate and reprobate in this manner. See Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992) (No litigant will be permitted to invite error and then to take advantage of the situation created by his own wrong.). Proper notice of the hearing and ample opportunity to obtain counsel was afforded Burgess and Stager. We assume without deciding, due to their presence at the hearing, that both Burgess and Stager received the proper notices. We affirm the commission's ruling that "[e]videntiary hearings cannot be held

7

hostage because a party elects or otherwise fails to appear for the scheduled hearing without justifiable cause."

III.  SUFFICIENCY OF THE EVIDENCE

Lastly, employer argues that the evidence was insufficient to support a finding that claimant was an employee at the time of the injury or that claimant sustained a compensable injury.  In support of its argument, employer relies on the testimony of Burgess and Stager.  However, the commission specifically found that this testimony lacked a credible foundation.  The record clearly supports the commission's finding.

"On appellate review, the factual findings of the commission are binding if they are supported by credible evidence.  The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding.  In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citations omitted).

The commission found that the testimony of the corporate officers was contradictory, "self-serving," "not in accord with normal facts," and "inconsistent."  Thus, the commission determined that these witnesses were not credible and relied instead on the testimony of Pettipas and claimant.  The commission concluded that claimant was employed by Nova Supply, Inc. at the time of his injury, that Burgess "was the aggressor,

9

and that the claimant was an unwilling victim to Burgess' assault upon him.  The claimant's injuries therefore arose out of and in the course of his employment . . . ."  Credible evidence supports this finding, and we will not disturb it on appeal.

Accordingly, for the reasons stated above, we affirm the decision of the commission.

<u>Affirmed.</u>
