COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Humphreys
Argued at Richmond, Virginia


MARKECE ANTHONY TOWLES

MEMORANDUM OPINION[*] BY
v.    Record No. 0663-99-2        JUDGE ROBERT J. HUMPHREYS
                                       JULY 25, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Thomas N. Nance, Judge

            Carolyn V. Grady (John L. Taylor, III, on
            brief), for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


    Markece Towles was convicted in a jury trial of abduction

with the intent to defile, forcible sodomy, use of a firearm in

the commission of forcible sodomy, and assault and battery.  He

argues on appeal that the trial court erred in admitting into

evidence the results of a DNA analysis of semen removed from a

T-shirt worn by the victim.  Finding no error, we affirm the

convictions.

    The Commonwealth's evidence showed that appellant, Antoine

Lee Smith and Jawari Wood assaulted and battered and repeatedly

sexually assaulted the victim at gunpoint.  The victim was

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

previously convicted of felonies involving distribution of cocaine and welfare fraud and, at the time of the offenses, she was on parole. The victim testified that appellant sodomized her but did not ejaculate. She also testified that after Wood sodomized her and ejaculated in her mouth, she spit the semen into the T-shirt she had been wearing.

Before trial, a hearing was held on a motion in limine, filed by appellant, seeking to prevent the Commonwealth from introducing evidence of the DNA analysis. This analysis compared the DNA in the semen recovered from the T-shirt with the DNA of the three codefendants. The results eliminated appellant and Smith as possible sources of the semen, but found the DNA to be consistent with Wood's DNA profile.

During the hearing on this motion, counsel for appellant agreed that the results of the DNA test were admissible, but objected to the statement in the report that the DNA found on the shirt was consistent with Wood's DNA. The trial court overruled the objection. Upon appellant's counsel's request and the prosecutor's concurrence, both counsel agreed to a stipulation which contained the statement that appellant could "be eliminated as a possible contributor of the sperm and hair/fibers."

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion."

-

Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). Evidence is generally admissible if it is both relevant and material. See Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987). "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993).

The DNA evidence, including the contested finding with respect to Woods, corroborated the testimony of the victim by supplying scientific analysis of the physical evidence which supported her version of the events. Therefore, this evidence was both relevant and material.

Appellant complains, for the first time on appeal, that because his name appears on the DNA test report, he was unconstitutionally denied a fair trial. Aside from this claim being procedurally barred, see Rule 5A:18, we note that the DNA report was never admitted into evidence and the only reference to appellant, contained in the stipulation that was before the jury, was the language specifically requested by appellant's counsel. Having sought the inclusion of his name in the stipulation, he may not now be heard to object to that inclusion. See Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992).

-

Finding no error, we affirm the ruling of the trial court and appellant's convictions.

Affirmed.