COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Clements
Argued at Alexandria, Virginia


BARRETT LEARNING CENTER/
 COMMONWEALTH OF VIRGINIA
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2587-00-2          JUDGE JEAN HARRISON CLEMENTS
                                         AUGUST 28, 2001
JOSEPH F. ROHRER


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Scott John Fitzgerald, Assistant Attorney
          General (Mark L. Earley, Attorney General;
          Judith Williams Jagdmann, Deputy Attorney
          General; Gregory E. Lucyk, Senior Assistant
          Attorney General, on brief), for appellant.

          (Joseph F. Rohrer, on brief, pro se).


     Barrett Learning Center (employer) appeals a decision of the

Workers' Compensation Commission denying it a credit for its

overpayments to Joseph F. Rohrer (claimant).  Employer's sole

contention, on appeal, is that the commission erred in basing its

decision on Code § 65.2-712 because the overpayment arose from the

agreements of the parties rather than a change-in-condition

application.  Finding appellate review barred, we affirm the

decision of the commission.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

BACKGROUND

The relevant procedural history of this case is not in dispute.  Claimant and employer executed agreements retroactively reducing claimant's compensation benefits.  The commission then entered an award based on those agreements.  Shortly thereafter, employer, seeking a credit against future compensation for the amount it claimed to have overpaid claimant as a result of the retroactive reduction, filed an application for a hearing.  The application was granted, and employer filed with the deputy commissioner a written statement of its position.  In that statement, employer alleged that claimant, upon obtaining new employment in North Carolina, "did not initially report this change in earnings to the employer or the carrier as required by Code Section 65.2-712" and argued that, "[w]hen a claimant receives an overpayment because of his failure to report a change in earning, the employer is entitled to a credit for that overpayment."

At the hearing before the deputy commissioner, claimant offered evidence to refute employer's claim that he did not report his earnings as required by Code § 65.2-712.  He testified that, every time he moved or had a change in his employment status, he timely notified the claims adjustor or the servicing agent for the

-

self-insured employer.  The deputy commissioner concluded that, because claimant did not disclose his increase in earnings to the self-insured employer itself, as required by Code § 65.2-712, employer was entitled to the credit it sought for its overpayment of benefits.

Claimant appealed the decision to the full commission, asserting that he had met the requirements of Code § 65.2-712. Employer filed a written statement with the commission, claiming that, even though claimant had contacted a claims adjustor, the deputy commissioner correctly found that employer was entitled to a credit because he had not contacted the self-insured employer. "[W]hen a claimant receives an overpayment because of his failure to report a change in earnings," employer reiterated, "the employer is entitled to a credit for that overpayment."

Reviewing the case on the record, the commission noted initially that "employer asserts that the claimant failed to report a change in earnings as required by Code Section 65.2-712." The commission then determined that claimant's notice to self-insured employer's servicing agent satisfied the statutory purpose of notification and awarded employer credit solely for the overpayments made before claimant gave notice to the servicing agent.  This appeal followed.

### ANALYSIS

Employer now contends for the first time that the commission should have analyzed its request for a credit under Code

-

§ 65.2-701, rather than under Code § 65.2-712.  The issue of its entitlement to a credit for overpaid benefits, employer argues, did not come before the commission as a change-in-condition application pursuant to Code §§ 65.2-712 and 65.2-708.  Instead, employer asserts, the commission entered the award based upon a retroactive reduction agreed to by the parties pursuant to Code § 65.2-701, which places no limitations on an employer's recovery of monies overpaid.  Therefore, employer concludes, the commission applied the wrong statute.

It was, however, employer, itself, that raised the issue of claimant's noncompliance with Code § 65.2-712, averring in its written statements to the deputy commissioner and to the full commission that it was entitled to a credit because claimant failed to disclose his increase in earnings to employer, as required by Code § 65.2-712.  Employer identified for the commission no other authority or rationale upon which its claimed entitlement to a credit should be based.  Accordingly, the dispositive question before the deputy commissioner and full commission was whether claimant had, in accordance with Code § 65.2-712, notified the self-insured employer of his increased earnings.  Claimant presented evidence attempting to show that he had complied with Code § 65.2-712.  The deputy commissioner found that claimant did not satisfy the notification requirement of Code § 65.2-712 and awarded employer a credit for the resultant overpayment.  Employer, in its written statement to the full

-

commission, stated expressly that the deputy commissioner's analysis and decision were correct. The full commission determined that claimant did comply with Code § 65.2-712 by notifying the servicing agent. Our review of the record reveals no mention of Code § 65.2-701.

We will not consider for the first time on appeal an issue that was not brought before the commission. See Rule 5A:18; Henrico Pub. Utils. v. Taylor, 34 Va. App. 233, 243, 540 S.E.2d 501, 506 (2001). Furthermore, a party will not be permitted "to invite error . . . and then to take advantage of the situation created by his own wrong." Manns v. Commonwealth, 13 Va. App. 677, 680, 414 S.E.2d 613, 615 (1992) (internal quotations omitted). Thus, we will not allow employer, who identified the issue before the commission and agreed with the analysis applied by the commission, to now take an inconsistent position before us. See id. at 679, 414 S.E.2d at 615.

For these reasons, we hold that our consideration of the claim before us is barred and, therefore, affirm the decision of the commission.

Affirmed.

-