COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Benton and McClanahan
Argued at Alexandria, Virginia


STARLING E. LAWSON

                                                MEMORANDUM OPINION* BY
v.        Record No. 1495-03-4                  JUDGE ELIZABETH A. MCCLANAHAN
                                                AUGUST 3, 2004
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                              Ann Hunter Simpson, Judge

              Charles C. Cosby, Jr. (Boone, Beale, Cosby & Long, on brief),
               for appellant.

              Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
              Attorney General, on brief), for appellee.


       Starling E. Lawson appeals his convictions for possession of ecstasy with intent to

distribute and possession of a firearm while in possession of a controlled drug in violation of

Code §§ 18.2-248 and 18.2-308.4, respectively.  Lawson contends that the trial court abused its

discretion in failing to admit certain proffered testimony.  Lawson's failure to preserve this issue

precludes our review on appeal.  Consequently, we do not reach the merits of appellant's

argument.

                                      I.  Background

       On appeal, we view the facts in the light most favorable to the Commonwealth, the party

prevailing below, together with all reasonable inferences fairly deducible therefrom.  See Ortega

v. Commonwealth, 31 Va. App. 779, 786, 525 S.E.2d 623, 627 (2000).  On March 31, 2002,

Lawson was arrested and tried after a state trooper discovered a bag of ecstasy pills, marijuana

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and a loaded pistol in his vehicle. At trial, Lawson admitted to possessing the gun and the marijuana, but claimed he had no knowledge of the ecstasy. He testified that the ecstasy belonged to Darryl Jackson, who was driving Lawson's vehicle.

Lawson also offered the testimony of Adrian Little, who testified that he was with Lawson that night at Club Liquid. After they left the club, he was following Lawson's vehicle when it was stopped by the state trooper. Little testified that he had known Lawson for three years and that he had never known Lawson to use any drugs except marijuana.

Shortly after Little's testimony, Lawson rested his case. During the recess to consider jury instructions, Lawson's counsel requested the court's permission to reopen the evidence in order to recall Little. During the recess, Little had approached Lawson's counsel and asked why he was not questioned about the person who offered him an ecstasy pill at the nightclub. Believing this information to be important to its case, Lawson's counsel proffered to the court Little's testimony, which included statements made by Jackson. The Commonwealth objected on the basis of hearsay and relevance. The court ruled that the proffered testimony did include hearsay, but that Little could testify, provided that Lawson's counsel could question Little in a manner that would avoid the introduction of hearsay. After some discussion concerning the manner of questioning the witness, the jury was called in and Little testified. The jury was instructed and after deliberations, found Lawson guilty of the charged offenses.

After the trial, Lawson engaged new counsel, who moved to set aside the jury's verdict. Lawson contended that the court erred, *inter alia*, by limiting Little's testimony to preclude him from stating that it was Jackson who offered Little the ecstasy pill. He argued that Little's testimony, if not limited, would have corroborated his testimony. Lawson also asserted that the proffered hearsay testimony should have been admitted under the state-of-mind exception to the hearsay rule to prove the state of mind of Jackson.

The Commonwealth argued that reconsideration of the issue was procedurally barred because Lawson's counsel made no objection to the judge's ruling on the questioning of Little. The Commonwealth also argued that Jackson was not a party to the proceeding and that his state of mind was not relevant. The Commonwealth further noted that Lawson was aware at trial that Jackson was available, but did not call him to testify. The trial court ruled that Little's proffered testimony included hearsay and that it was not admissible under the state-of-mind exception because Jackson's state of mind was not relevant. This appeal followed.

## II. Procedural Bar

Rule 5A:18 states: "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Ohree v. Commonwealth, 26 Va. App. 299, 307, 494 S.E.2d 484, 488 (1998) (citation omitted). When such specific objections have not been made, this Court will not consider an argument on appeal that was not presented to the trial court. Id. at 308, 494 S.E.2d at 488 (citing Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991)).

The transcript shows that Lawson's counsel requested to recall Little, "for the limited purpose of asking that one question, that is, did something happen to you at Club Liquid and what happened." The Commonwealth objected, stating that Little could not answer the question without resorting to hearsay and that Little's statement was not relevant to the proceeding. After a bench conference on how the question could be asked to avoid violating evidentiary rules, the court allowed Lawson to call Little to testify "that someone may have offered him something he thought was drugs and that it was not Mr. Lawson, but that's all." Lawson's counsel responded,

- 3 -

"That is a fine way to explain it, and I'll caution the witness." Lawson's counsel then examined

Little as follows:

> Q: Thank you for returning, Mr. Little. Mr. Little, I neglected to ask you one question which the Court has graciously allowed me to ask you. And it is: Did anything unusual happen to you while you were at Club Liquid?
>
> A: Outside of – well, average – outside of regular what goes on inside a club, I was offered one pill of Ecstasy.
>
> A: Or what I was told to be Ecstasy at least.
>
> Q: And my next question is, was the person who offered you the Ecstasy Mr. Lawson?
>
> A: No, it was not.
>
> Q: That is all the questions I have.
>
> [THE COMMONWEALTH]: I have nothing, Your Honor.
>
> THE COURT: Thank you, Mr. Little. You may have a seat.

The record shows that Lawson's counsel did not object to how the court ultimately allowed the evidence to be admitted. In fact, Lawson's counsel agreed with the court's suggestion on how the questioning should proceed and did not otherwise object. Thus, counsel's actions do not meet the requirements of either Code § 8.01-384(A) or Rule 5A:18.

Further, "'[t]he defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position.'" Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992) (quoting Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979), cert. denied, 444 U.S. 1049 (1980)). Lawson's counsel affirmatively agreed with the court on how to frame the question. He stated, "That is a fine way to explain it, and I'll caution the witness." Lawson cannot now complain that the court erred in how it allowed the testimony to be admitted. "No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate -- to invite error, as the defense admittedly did here,

- 4 -

and then to take advantage of the situation created by his own wrong." Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988).

"In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred . . . ." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

Because Lawson's objection was not properly preserved, we do not reach the merits of his case.

Affirmed.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

- 5 -