COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Frank and Clements


LESLIE ST. CLAIR TAFE, F/K/A
 LESLIE TAFE HACKEMEYER

                                                        MEMORANDUM OPINION*
v.       Record No. 2250-04-1                                PER CURIAM
                                                            MARCH 29, 2005
JOHN HACKEMEYER


             FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                          AND COUNTY OF JAMES CITY
                          Samuel T. Powell, III, Judge

         (Michael L. Donner, Sr.; Weinberg & Stein, P.C., on briefs), for
         appellant.

         (McClanahan Ingles; Martin, Ingles & Ingles, Ltd., on brief), for
         appellee.

         No brief by the Guardian *ad litem* on behalf of the minor children.


      Leslie St. Clair Tafe (wife) appeals from the circuit court's September 3, 2004 order

awarding John Hackemeyer (husband) custody of the parties' two minor children.  On appeal, wife

contends (1) the trial court lacked the authority to reserve jurisdiction to determine custody issues

after entry of the final decree of divorce, (2) the court "lost jurisdiction twenty-one days after the

entry of the divorce decree," (3) the court's custody order is void, (4) and the evidence is

insufficient to support the court's custody determination.  Husband seeks attorney's fees and costs

incurred in connection with this appeal.

      Upon reviewing the record and briefs, we conclude that Questions Presented (1) through (3)

are without merit.  Accordingly, we summarily affirm the decision of the trial court as to those

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

questions presented. See Rule 5A:27. We conclude that a complete transcript of the trial court's June 30, 2004 hearing is indispensable to our determination of Question Presented (4). Accordingly, we dismiss the appeal as to that question presented.

## BACKGROUND

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

The parties married on March 7, 1992 and separated on October 2, 2000. Father filed a bill of complaint on May 10, 2001, seeking a divorce from mother and custody of the parties' two minor children. On August 23, 2001, the trial court entered a *pendente lite* consent decree providing that father and mother would share joint legal custody of the children with mother having temporary physical custody. The decree announced: "These custody/visitation provisions are temporary in nature and are made without prejudice to either party and without the requirement that either show a change of circumstances in the future in order to change these provisions."

On July 12, 2002, the court entered a final decree of divorce. The divorce decree addressed the disposition of marital property and, with a finding of clear necessity, the court reserved "the remaining issues pertaining to equitable distribution and the issues pertaining to child custody, child support, and spousal support . . . ." Counsel for both parties endorsed the order: "WE ASK FOR THIS."

On August 16, 2002, the court entered a decree of reference referring the case to a commissioner in chancery to determine all matters relating to equitable distribution, support, custody, and visitation. Following four days of testimony, in May and August 2003, the commissioner rendered his report, finding it was "in the best interest of the children that the father have legal and physical custody with structured visitation for the benefit of the mother . . . ." Wife

took exception to the report, and the trial court addressed the exceptions in two separate hearings. On September 3, 2004, the trial court entered an order confirming the commissioner's report in its entirety with only minor exceptions. Wife appeals from this order.

ANALYSIS

I. through III.

Wife failed to object to the trial court's reservation of jurisdiction in the final divorce decree to adjudicate final custody issues. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18. Despite wife's contention to the contrary, this is not an issue of subject matter jurisdiction. "Subject matter jurisdiction is the authority granted to a court by constitution or by statute to adjudicate a class of cases or controversies." Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999). Without question, the jurisdiction of the circuit courts includes matters relating to child support and custody. See Code § 20-107.2. Furthermore, Code § 20-108 provides, in pertinent part, that

> [t]he court may, from time to time after decreeing as provided in § 20-107.2, on petition of either of the parents, or on its own motion . . . revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require.

We also note that, "'[n]o litigant . . . will be permitted to approbate and reprobate — to invite error . . . and then to take advantage of the situation created by his own wrong.'" Manns v. Commonwealth, 13 Va. App. 677, 680, 414 S.E.2d 613, 615 (1992) (quoting Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988)). Wife, "'having agreed upon the

- 3 -

action taken by the trial court, should not [now] be allowed to assume an inconsistent position.'" Id. at 679, 414 S.E.2d at 615 (quoting Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979)). Wife agreed to have the court reserve jurisdiction to decide custody issues after entry of the final decree of divorce.

IV.

Wife argues the evidence is insufficient to support the court's custody determination.

The evidence consisted of the hearings before the commissioner, depositions, and testimony heard *ore tenus* on June 30, 2004. At that hearing, the trial court considered wife's exceptions to the commissioner's report and heard testimony of the parties, husband's current spouse, and the *de bene esse* deposition of wife's father. Wife included in the record a portion of this hearing which contains only the court's ruling. In its ruling, the court noted that "[b]ased on the evidence the court has heard, the court will decline to the exceptions filed to the commissioner's report." The court confirmed the commissioner's report on the issues of custody and visitation at issue in this appeal. The court's ruling clearly relies on the evidence heard at the June 30, 2004 hearing in making its factual findings on the sufficiency issue raised by wife in this appeal.

"An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (citation omitted). "[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961).

"The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted). Because the trial court's decision rested on evidence presented at the *ore tenus* hearing, a transcript is "indispensable to the determination of the case." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986). Accordingly, we cannot address this issue and we dismiss the appeal as to this issue.

V.

Husband requests an award of appellate attorney's fees for this appeal. Wife's appeal was without merit. Therefore, we find that husband is entitled to recover reasonable attorney's fees and costs incurred by him in defending this appeal. We remand this matter to the trial judge for a determination of those costs and fees. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

Accordingly, the judgment of the trial judge is summarily affirmed in part, dismissed in part, and the matter is remanded to the trial judge for a determination of husband's costs and fees incurred on appeal.

Affirmed in part,
dismissed in part,
and remanded.