COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Annunziata


DAVID ALLEN ROBISON
                                                    MEMORANDUM OPINION[*]
v.        Record No. 0551-06-4                           PER CURIAM
                                                        AUGUST 8, 2006
JODI LYNNAE ROBISON


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Arthur B. Vieregg, Judge

                (Richard J. Stahl; Stahl, Forest & Zelloe, P.C., on brief), for
                appellant.

                (David Charles Masselli; Masselli PC, on brief), for appellee.


        David Allen Robison, husband, appeals a trial court order finding his proposed payment

schedule for repaying Jodi Lynnae Robison, wife, unreasonable and directing him to repay the

money in equal monthly installments.  Husband argues on appeal that the trial court erred in:

(1) ruling that his proposed payment schedule was unreasonable; and (2) directing him to pay

equal monthly installments to wife.  Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

                                    BACKGROUND

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to the appellee as the prevailing party below.  See McGuire v. McGuire, 10 Va. App. 248, 250,

391 S.E.2d 344, 346 (1990).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On February 14, 2005, the trial court entered an amended decree of divorce ratifying, affirming and incorporating the parties' amended property, custody, and support settlement agreement (APCSSA). The APCSSA set forth husband's obligation to repay wife for any future settlement paid to Monarch Homes, Inc. (Monarch) for a debt that was found non-dischargeable in a bankruptcy petition filed by husband. Paragraph 56(G) of the APCSSA provided, in pertinent part:

> In the event that Former Wife . . . reaches a settlement with Monarch, . . . Former Husband shall be required to propose a reasonable payment schedule under which any obligation incurred by Former Wife shall be paid to Former Wife within forty-eight months. Such schedule need not provide for equal monthly additions to the [spousal support] payments required under Paragraph 56(A), but shall reasonably reduce the amount owed to Former Wife over time. In the event that Former Husband does not propose such a schedule or the schedule proposed is not reasonable, Former Wife may petition the Circuit Court of Fairfax County to require that Former Husband make such payments within the forty-eight month period.

On June 11, 2005, wife advised husband by letter that she made an offer to pay Monarch $40,000 for the debt, which at that time was "somewhere in the $75[,000] – 80,000 range." By letter dated June 28, 2005, wife informed husband that she settled the debt by paying $40,000 to Monarch on June 21, 2005. In the letter, wife asked husband to "propose a payment plan."

Husband failed to respond. On October 25, 2005, wife again wrote husband. She advised him that "[f]our months have elapsed without" a proposed plan of payment or any monthly payments pursuant to her suggested alternative plan, in which she requested husband pay equal monthly installments.

By letter dated December 16, 2005, wife reminded husband that she has "yet to receive either payment or a proposal for payment," and by failing to make any monthly installments as proposed by wife, husband was "at least $6,000 behind his obligation on this matter." In closing, wife noted her intention to schedule these matters for a Rule to Show Cause.

On December 21, 2005, wife filed a petition for a rule to show cause. On January 4, 2006, she filed a motion to enforce the terms of the settlement agreement. The trial court scheduled the motion to enforce the agreement for January 20, 2006.

On January 18, 2006, two days before the hearing, husband filed a response setting forth a plan of repayment. In it, he proposed "making the following payments: $5,000 in June 2006; $5,000 in June 2007; $5,000 in June 2008; and $25,000 in June 2009." Husband alleged the "foregoing arrangement is reasonable in the light of his obligations not only to his former spouse, but his child support obligations ($4,000 per month) plus payment of expenses including college related expenses."

Husband was not present at the January 20, 2006 hearing. His attorney "argued that the proposal made was reasonable, but no evidence was presented concerning [husband's] income or the likely cost of college tuition after scholarships."[1] The trial judge questioned husband's attorney as to "whether he had the right to order an alternative payment arrangement if he felt that [husband's] plan was not reasonable. The response to that inquiry was, yes."

The trial court took the matter under advisement. On January 24, 2006, it issued an opinion, ordering husband to make forty payments of $975.61, and a forty-first payment of $975.60.

On February 8, 2006, husband filed a motion for reconsideration, to which he attached documents reflecting his current monthly income and expenditures. He referred to that evidence "to show that [his] method of reducing the debt is not unreasonable." By opinion letter dated February 24, 2006, the trial judge indicated that he "considered the arguments [husband's] attorney] presented that addressed the merits of [the trial judge's] decision based on the evidence

---

[1] In lieu of a transcript, the trial court signed a written statement of facts pursuant to Rule 5A:8(c). References to the hearing and rulings are taken from that statement of facts.

presented at the hearing on January 20, 2006." "However, [the trial judge did] not consider[] the additional *ex parte* proof of [husband's] income proffered for the first time in this motion." Accordingly, the trial judge denied husband's motion for reconsideration.

## TRIAL COURT ERRED IN FINDING HUSBAND'S PROPOSAL UNREASONABLE

The evidence showed that wife paid $40,000 to Monarch on June 21, 2005, to settle a debt worth almost twice that amount. Wife contacted husband three times during a six-month period asking that he propose a payment plan. Husband ignored each request, forcing wife to petition the trial court for a rule to show cause and to compel husband to comply with the terms of the decree. Almost seven months after wife settled the debt and two days before the January 20, 2006 hearing, husband presented a proposed payment plan. In it, husband sought to pay 12.5% of the debt owed to wife one year after she paid the $40,000. At that time, 25% of the 48-month period would have elapsed. After 36 months, or 75% of the 48-month period, husband proposed paying wife a total of $15,000, or 37.5% of the debt. On the forty-eighth month, husband proposed paying $25,000, or the remaining 62.5% of the debt. Husband presented no evidence to show why or how this proposed schedule was reasonable. Based on these facts and circumstances, we cannot say that the trial court erred in finding husband's dilatory proposal unreasonable.

## TRIAL COURT ERRED IN ORDERING EQUAL MONTHLY INSTALLMENTS

Husband contends the trial judge imposed an obligation not found in the agreement when he ordered husband to pay equal monthly installments. At the January 20, 2006 hearing, husband agreed that the trial judge "had the right to order an alternative payment arrangement if he felt that [husband's] plan was not reasonable."

By agreeing that the trial judge had authority to order an alternative payment plan if he felt it was unreasonable, husband conceded this issue.

"'No litigant . . . will be permitted to approbate and reprobate — to invite error . . . and then to take advantage of the situation created by his own wrong.'" Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992) (quoting Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988)). Husband, having agreed to such action, should not now be allowed to assume an inconsistent position. Id. at 679, 414 S.E.2d at 615; see also Asgari v. Asgari, 33 Va. App. 393, 403, 533 S.E.2d 643, 648 (2000) ("Husband will not be permitted to approbate and reprobate, ascribing error to an act by the trial court that comported with his representations."). Accordingly, the trial court did not err in ordering equal payments.

For these reasons, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.