COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Fitzpatrick


ANNE BOUDWIN

                                                      MEMORANDUM OPINION[*]
v.        Record No. 1501-07-3                              PER CURIAM
                                                         JANUARY 29, 2008
J. THOMAS CATANIA


            FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                         Michael S. Irvine, Judge

          (Vicki L. Wiese; Wiese Law Firm, PLC, on brief), for appellant.

          (H. David Natkin; H. David Natkin, P.C., on brief), for appellee.


        Anne Boudwin, wife, appeals from the circuit court's order entered on May 23, 2007,

*nunc pro tunc* to July 19, 2006, denying wife's "Motion for Various Relief."  She argues on

appeal that the trial court erred in (1) allowing the marital home to be sold for less than

$300,000; (2) refusing to set aside the sale of the marital home; and (3) failing to order husband,

J. Thomas Catania, to remit $100,000 to wife for her interest in the marital home.  Upon

reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                    BACKGROUND

        "Upon appellate review, we must review the facts in the light most favorable to the party

prevailing below."  Richardson v. Richardson, 30 Va. App. 341, 349, 516 S.E.2d 726, 730

(1999).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Husband and wife were married on September 13, 1986, and separated on July 28, 2003. No children were born of the marriage. Wife filed a bill of compliant for divorce on December 11, 2003, and on July 30, 2004, the trial court heard evidence *ore tenus*.[1]

The trial court entered a final decree of divorce on November 17, 2004, in which it incorporated rulings made in its August 9, 2004 opinion letter. In paragraph 5 of the opinion letter, the trial court determined the value of the home to be $315,000. In paragraph 6, the trial court ordered

> that the real estate be listed with a realtor to be jointly selected by the parties. If the parties cannot agree upon a realtor within 10 days from the date of this letter, the parties shall each submit the names of two licensed Virginia realtors to the Court. From the list of four realtors submitted the court will select a realtor to list the property for sale. The listing price shall be for such sum as recommended by the realtor selected, but not less tha[n] $315,000.00. Each party shall be required to accept any bona-fide offer that is within 5% of the listing price. However, either party shall be free to petition the court to require the other to accept any other offer believed to be fair and reasonable.

In paragraph 7 of the opinion letter, the trial court determined that, after deducting a credit to husband for personalty wife received, wife should receive 52.5% of the net proceeds from the sale of the marital home, and husband receive 47.5%.

On September 20, 2005, the trial court conducted a hearing on various motions filed by the parties, one of which was husband's motion to sell the marital home at a public auction. By order entered October 10, 2005, the trial court granted the motion and ruled that the "property is

---

[1] The record on appeal contains no transcripts, however, it contains the trial court's "Certification of Written Statement of Facts, Testimony and Other Incidents of the Case" signed on August 1, 2007. In it, the trial court explained that wife's proffered statement of facts was "incomplete" and husband's objections to it were "well taken." Accordingly, the trial court included three and one-half typed pages of additional background facts and details. Neither party included the statement of facts in the joint appendix nor referred to it in his or her brief.

to be sold at public auction for not less than $200,000.00." Wife's attorney signed the order under the phrase, "I ask for this."

On January 10, 2006, husband moved the trial court to appoint the parties' attorneys as special commissioners to sell the marital home. Husband alleged that wife "has actively refused to cooperate in the sale of the property in a reasonable manner and appears determined to allow the property to fall into foreclosure." By order entered on February 15, 2006, the trial court appointed husband's attorney as special commissioner "for the purpose of soliciting bids for sale" of the property, however, the court gave wife "until March 1, 2006 to continue her efforts to sell the marital estate."

On March 6, 2006, the trial court conducted a hearing "regarding the [parties'] efforts to sell the property." According to the written statement of facts the trial court

> found that the parties had been wholly unable to obtain a valid offer on the property either by listing the property with a realtor, through public auction or by private sale, with the exception of an offer of $175,000.00. The Court also heard evidence that the bank holding the Deed of Trust was threatening foreclosure, that the bank's lien was significantly less than the outstanding offer to purchase . . . creat[ing] a risk that the bank would purchase the property for the amount it was owed, thereby resulting in both parties losing all equity in the property.

By order entered March 6, 2006, the trial court appointed David Natkin, husband's attorney, as special commissioner "for the purpose of transferring the marital real estate . . . for the gross selling price of not less than $175,000.00." The trial court set forth the manner in which Natkin should distribute the proceeds and ordered Natkin to post bond in the amount of the sales price. Wife signed the March 6, 2006 order, "Seen and objected to." Thereafter, Natkin sold the property for that price.

On October 18, 2006, the trial court entered an order approving Natkin's motion to distribute the proceeds of the sale and directed him to "make such other distributions as set out in

the scheme of distribution." The order reflected a mortgage payoff of $151,592.52, and several payments for fees, costs, and taxes. After the payments $16,706.58 remained, and wife received 52.5% and husband, 47.5%.

On July 13, 2006, after the sale but before the final distribution, wife filed a motion entitled "Motion for Various Relief" and a memorandum in support of the motion. In her motion, wife requested that the "sale of the marital residence be set aside, and that if it not be set aside, that [husband] be ordered to pay $100,000.00 to [her] as of August 15, 2006, as and for her full interest in the marital home." In her supporting memorandum, wife relied on Rule 1:1 and argued the trial court was without jurisdiction to make a decision on the property because it failed to file an order suspending, modifying or vacating the 2004 final decree within twenty-one days of its entry. Wife contended Rule 1:1 barred "further litigation of issues over which the court had power to adjudicate." Wife also argued that "neither party ever moved" the trial court to modify the value of the marital home as set forth in the 2004 decree. In conclusion, wife asserted:

> [T]he attempted sale of the marital home for $175,000.00 by auction, special commissioner or otherwise, is a direct violation of [wife's] personal property rights, which she was previously awarded by this Court and without any objection by Mr. Catania. Any subsequent attempt by any person or entity to sell the property for less than said Court-established values in August 2004 directly invades that property she was expressly awarded by virtue of the divorce.

By order signed May 23, 2007, and entered *nunc pro tunc* July 19, 2006, the trial court denied wife's motion. Wife objected "for the express reasons stated" in her supporting memorandum.

## I. TRIAL COURT ERRED IN ALLOWING MARITAL HOME
## TO BE SOLD FOR LESS THAN $300,000

Wife argues that the trial court was without jurisdiction to allow the house to be sold for an amount less than the amount put forth in the November 17, 2004 final decree, namely not less than 5% of $315,000.

Code § 20-107.3(K) provides that "[t]he court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section." Included in that code section is the authority to "[o]rder a date certain for transfer or division of any jointly owned property under subsection C," and "[a]ppoint a special commissioner to transfer any property under subsection C." Code § 20-107.3(K)(1), (3).

Therefore, the trial court had authority and jurisdiction to consider the September 2005 motion and order that the property be sold at public auction at a price no lower than $200,000. The trial court also had authority under Code § 20-107.3(K) to appoint a special commissioner in March 2006 to transfer the property for no less than $175,000.

Because the trial court had jurisdiction to allow the home to be sold for less than $300,000 and to appoint a special commissioner, it did not err.

## II. REFUSAL TO SET ASIDE SALE

Wife's sole argument is that the trial court abused its discretion in authorizing the sale of the house for less than the value placed on it in the 2004 final decree. She argues, "[b]ecause the only evidence in the court's records indicate the value as initially set by the court was a fair value, the trial court erred in not setting aside the subsequent sale of the home."

Although wife sought to set aside the sale for less than the initial valuation of $300,000 (5% less than the $315,000 valuation), the record shows that she agreed to the price being set at $200,000 in the October 10, 2005 order. Moreover, evidence presented at the March 6, 2006

- 5 -

hearing established that the parties had tried to sell the property without success, the only valid offer was $175,000 and the lien holder was threatening foreclosure.

"'No litigant . . . will be permitted to approbate and reprobate — to invite error . . . and then to take advantage of the situation created by his own wrong.'" Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992) (quoting Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988)).  Having agreed to sell the property at a value less than $300,000, wife cannot now assume an inconsistent position and argue to set aside a sale price less than $300,000.  Id. at 679, 414 S.E.2d at 615.

Accordingly, we cannot say the trial court erred in refusing to set aside the sale.[2]

### III.  REFUSAL TO ORDER HUSBAND TO REMIT $100,000

Wife argues "the trial court erred in not Ordering [husband] to pay her for the funds she was initially awarded and should have received," namely $100,000.

Wife agreed to the sale at $200,000, therefore, she cannot contest the transfer above that amount.  After using the $175,000 sale price to pay the home loan, costs, taxes, and fees, the parties were left with $16,706.58.  Wife received 52.5% of that amount, resulting in $8,770.95, and husband received $7,935.63 (47.5%).  Even if the house had been sold for $200,000, the sale price wife agreed to in October 2005, wife would have received an additional $13,125 (52.5% of $25,000).  Adding that amount to the $8,770.95 received from the sale at $175,000 would have provided wife with only $21,895.25, an amount well below the $100,000 wife demanded.  Accordingly, the trial court did not err in not ordering husband to pay her $100,000.

Accordingly, the trial court did not err in denying wife's motion for various relief.

---

[2] Husband also argues that wife was required to make the bona fide purchaser of the marital home a party to the action in order to set aside the sale.  Because wife agreed to a sale at a lesser price, however, we need not consider the issue of her failure to include all the proper parties.

## IV.  ATTORNEY'S FEES

Upon wife's request, and upon consideration of the entire record in this case, we hold that wife, having not prevailed on appeal, is not entitled to attorney's fees for this appeal.  <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 479 S.E.2d 98 (1996).

Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>